IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MARIA BARBURA,                                      No.  03:12-CV-00954-HZ

                        Plaintiff,                  OPINION & ORDER

          v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

                        Defendant.


Merrill Schneider
SCHNEIDER KERR LAW OFFICES
P.O. Box 14490
Portland, Oregon 97293

          Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
1000 SW Third Avenue, Suite 600
Portland, Oregon 97201-2902

/ / /
/ / /


1 - OPINION & ORDER

Gerald J. Hill
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, Washington 98104-7075

       Attorneys for Defendant

HERNANDEZ, District Judge:

       Plaintiff Maria Barbura brings this action for judicial review of the Commissioner's final decision denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act and Supplemental Security Income ("SSI") under Title XVI of the Social Security Act. I have jurisdiction under 42 U.S.C. § 405(g) (incorporated by 42 U.S.C. § 1382(c)(3)). For the following reasons, I affirm in part and reverse in part the Commissioner's decision.

## BACKGROUND

       Plaintiff Barbura was born in 1968 in Romania and was 42 years old at the time of the hearing. Tr. 85. She has a GED (Tr. 126) and reports past work in food service, janitorial positions, and as a carnival worker. Tr. 123. Barbura initially alleged disability since July 3, 2006 due to back pain. Tr. 122.

       The Commissioner denied Barbura's applications initially and upon reconsideration (Tr. 51, 55), and an Administrative Law Judge ("ALJ") held a hearing on February 7, 2011. Tr. 23. The ALJ found Barbura not disabled on February 14, 2011. Tr. 20-32. The Appeals Council declined review of the matter on March 26, 2012, making the ALJ's decision the final decision of the Commissioner. Tr. 6-8.

/ / /

/ / /

## SEQUENTIAL DISABILITY ANALYSIS

A claimant is disabled if unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

Disability claims are evaluated according to a five-step procedure. See Valentine v. Comm'r, 574 F.3d 685, 689 (9th Cir. 2009) (in social security cases, agency uses five-step procedure to determine disability). The claimant bears the ultimate burden of proving disability. Id.

In the first step, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." If so, the claimant is not disabled. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520(b), 416.920(b). In step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." Yuckert, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). If not, the claimant is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." Yuckert, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the Commissioner proceeds to step four. Yuckert, 482 U.S. at 141.

In step four, the Commissioner determines whether the claimant, despite any impairment(s), has the residual functional capacity (RFC) to perform "past relevant work." 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can, the claimant is not disabled. If the claimant cannot perform past relevant work, the burden shifts to the Commissioner. In step five,

3 - OPINION & ORDER

the Commissioner must establish that the claimant can perform other work. Yuckert, 482 U.S. at 141-42; 20 C.F.R. §§ 404.1520(e) & (f), 416.920(e) & (f). If the Commissioner meets his burden and proves that the claimant is able to perform other work which exists in the national economy, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

The ALJ found Barbura's chronic lumbar spine pain (with likely degeneration), somatoform disorder, and personality disorder "severe" at step two in the sequential proceedings. Tr. 25. At step three, the ALJ found that the impairments, singly or in combination, did not meet or equal the requirements of any listed impairment. Tr. 26. The ALJ assessed Plaintiff's RFC and concluded that she could perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), but with the additional restrictions of: walking one block at a time; standing with some movement for thirty minutes at a time; sitting for one hour at a time; lifting up to ten pounds occasionally and frequently; mild functional limitation in hand use; pushing and pulling no more than five minutes at a time; moderate impairment in concentration and short term memory; and climbing half a dozen stair steps at a time. Tr. 27. At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. In step five, the ALJ found that based on Plaintiff's RFC, age, education, and work experience, she can perform other work that exists in significant numbers in the national economy. Tr. 31. The ALJ therefore found Plaintiff not disabled under the Commissioner's regulations. Id.

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th

Cir. 2004). "Substantial evidence" means "more than a mere scintilla, but less than a preponderance." Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id.

The court must weigh the evidence that supports and detracts from the ALJ's conclusion. Lingenfelter v. Astrue, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing Reddick v. Chater, 157 F.3d 715, 720 (9th Cir. 1998)). The reviewing court may not substitute its judgment for that of the Commissioner. Id. (citing Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006)); see also Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading. Id.; see also Batson, 359 F.3d at 1193. However, this court cannot now rely upon reasoning the ALJ did not assert in affirming the ALJ's findings. Bray, 554 F.3d at 1225-26 (citing SEC v. Chenery Corp., 332 U.S. 194, 196 (1947)); see also Connett v. Barnhart, 340 F.3d 871, 874 (9th Cir. 2003) (citing same).

## DISCUSSION

Plaintiff raises two challenges to the RFC. First, Plaintiff contends that the RFC formulated by the ALJ was vague. Pl.'s Br. 6-8. Second, Plaintiff asserts that the RFC was incomplete because the ALJ erroneously failed to include a limitation in social functioning. Id. at 8-9.

## I.    Vague RFC

Plaintiff argues that both "mild functional limitation in hand use" and "moderate impairment in concentration and short-term memory" (Tr. 27) are "not sufficiently specific to address what work functions Plaintiff is capable of engaging in." Pl.'s Br. 6.

### A.    Hand Use

Plaintiff argues the ALJ was too vague when describing Plaintiff's limitation in hand use as "mild" and that this vagueness created confusion for the vocational expert ("VE").  Regarding Plaintiff's limitation in hand use, the ALJ posed the following hypothetical:

> [S]he has a mild limitation of function in the use of the hands; pushing and pulling would be limited to not more than five minutes at a time and something that's light, but she can open and close drawers, she could use a vacuum cleaner for, as I say, not more than five minutes at a time . . . .

Tr. 413-14.  The hypothetical posed by the ALJ does not, as suggested by the Plaintiff, merely describe the limitation in hand use as "mild," but is more elaborate and includes certain functional limitations.  Additionally, at no point during the hearing did the VE express confusion about the hypothetical.

To show that the VE was confused, Plaintiff points to a portion of the hearing when Plaintiff's attorney questioned the VE.  The ALJ had already posed the detailed hypothetical excerpted above.  Plaintiff's attorney changed the ALJ's hypothetical from a mild to a moderate limitation in hand use.  Tr. 418-19.  The VE asked Plaintiff's attorney what he meant by a "moderate" limitation.  Tr. 419.  The hypothetical presented by Plaintiff's attorney is not relevant because it concerns a moderate limitation, which the ALJ did not find supported by the record.  As explained earlier, the VE did not express any confusion over the ALJ's hypothetical that included a mild limitation in hand use.  There is no error regarding the use of "mild" to describe Plaintiff's limitation in hand use.

### B.    Concentration and Short-Term Memory

Plaintiff also contends the ALJ was too vague when he only used "moderate" to describe Plaintiff's limitation in concentration and short-term memory.  Pl.'s Br. 6.  Plaintiff argues the ALJ should have used functional limitations to provide the VE with enough information to

establish Plaintiff's work-related capacity.  "Typically, the ALJ will translate limitations in memory, concentration and attention into an opinion about the kind of work a claimant can perform."  Hyson v. Astrue, No. 3:11-CV-01173-KI, 2012 WL 5984655, at *7 (D. Or. Nov. 27, 2012).  "[M]oderate limitations in concentration and pace may translate to jobs involving only simple and repetitive or routine tasks.  However, courts in this circuit have generally found a limitation to performing simple and routine work is not compatible with a job requiring a reasoning level of 3."  Id.  Two of the occupations listed in the ALJ's opinion require a reasoning level of 2 (hand packer (DOT: 559.687-074) and production assembly (DOT: 706.687-101)), and the other two jobs require a reasoning level of 3 (telemarketer (DOT: 299.357-014) and credit card clerk (DOT: 205.367-014)).  There is a potential conflict between the VE's testimony and the DOT, and the ALJ failed to ask the VE questions to clarify whether a person with a moderate impairment in concentration and short-term memory could perform jobs with reasoning levels of 2 or 3.  See Hyson, 2012 WL 5984655, at *8.

Defendant argues that the Ninth Circuit has affirmed other RFC assessments that use "mild" or "moderate" to describe limitations.  Def.'s Br. 8.  In contrast to those cases, the issue here is the use of "moderate" as a vague description without additional information about the functional limitations.  For example, the Defendant cites Massachi v. Astrue 486 F.3d 1149 (9th Cir. 2007), in which the Ninth Circuit held that substantial evidence supported a finding of "'mild to moderate' deficiencies in concentration, persistence, or pace."  Id. at 1154.  However, in that case, the ALJ's hypothetical translated "moderate" to a limitation to simple tasks.  Id. at 1151.  In another case cited by the Defendant, the ALJ used "moderate" to describe the severity of the claimant's carpal tunnel syndrome, a specific condition.  Thomas v. Barnhart, 278 F.3d

947, 957 (9th Cir. 2002).  I am not persuaded by these cases, as they both include a level of specificity or functional capacity not present here.

The ALJ erred by failing to describe Plaintiff's moderate limitation in concentration and short-term memory in terms of the task or work that Plaintiff can perform.   As a result, it is unclear whether the VE could properly evaluate Plaintiff's capacity to perform the proposed jobs.  On remand, the ALJ must describe Plaintiff's moderate limitation in concentration and short-term memory in functional or work-related terms.

**II.    Incomplete RFC**

Plaintiff also argues that the ALJ erred by failing to include a limitation in social functioning due to Plaintiff's inter-personal difficulties and personality disorder.  Pl.'s Br. 8-9. In formulating a claimant's RFC, the ALJ must consider all relevant evidence in the record. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 883 (9th Cir. 2006).  However, "[p]reparing a function-by-function analysis for medical conditions or impairments that the ALJ found neither credible nor supported by the record is unnecessary."  Bayliss v. Barnhart, 427 F.3d 1211, 1217 (9th Cir. 2005).

Dr. Starbird was the consulting psychological examiner and her report details Plaintiff's background, activities of daily living, and mental status and behavior.  Tr. 381-84.  Plaintiff relies on Dr. Starbird's report, emergency room visits, and her own testimony to support her argument for a limitation in social functioning.

The ALJ considered Dr. Starbird's report, noting that Dr. Starbird "observed no overt signs of depression or psychosis. The claimant had low anxiety [and] was focused on not receiving the help she needed from others (such as her husband, her employers, and teachers). Dr. Starbird opined that the claimant had a victim mentality and feels a sense of entitlement."

8 - OPINION & ORDER

Tr. 29.  Dr. Starbird concluded that Plaintiff did not have any functional limitations.  Id.  The ALJ gave Dr. Starbird's analysis significant weight.[1]  Tr. 29.  Additionally, at step three, the ALJ found that in "social functioning, the claimant has mild difficulties.  She lives with her mother and her brother.  She stated that she goes to church each week and talks to friends on the phone, though she does not think she has friends."  Tr. 26.

Plaintiff argues that her complaints of emotional abuse by her family, her allegations of discrimination at work, and mistakes in medical treatment by doctors show that a limitation is warranted.  Pl.'s Br. 9.  I disagree.  The ALJ considered this evidence, along with Dr. Starbird's report, and found that a limitation in social functioning was not supported by the record.

Plaintiff also contends that because the ALJ found that Plaintiff "was suffering from a severe personality disorder" at step two, a limitation in social functioning is necessary.  Pl.'s Br. 9.  The second step of the analysis, however, is to determine whether Plaintiff has any severe impairment that would warrant proceeding to the next step of the analysis.  The step two analysis is separate from the RFC assessment.  Classifying personality disorder as a severe impairment for the purposes of step two does not necessitate a limitation in social functioning.  The ALJ's decision to omit a limitation in social functioning is supported by substantial evidence.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[1] The ALJ mistakenly refers to Dr. Starbird as Dr. Robinson in the last two sentences of the analysis of Dr. Starbird's report.

**CONCLUSION**

The decision of the Commissioner is affirmed in part and reversed in part.  This case is

remanded for additional proceedings.  On remand, the ALJ must describe Plaintiff's moderate

limitation in concentration and short-term memory in functional or work-related terms.

IT IS SO ORDERED.

Dated this _____ day of July, 2013

MARCO A. HERNANDEZ
United States District Judge