IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARIA BARBURA

                Plaintiff,

    v.

CAROLYN COLVIN, Commissioner,
Social Security Administration,

                Defendant.

No. 3:12-cv-00954-HZ

OPINION & ORDER

Merrill Schneider
SCHNEIDER KERR LAW OFFICES
PO Box 14490
Portland, Oregon 97293

    Attorney for Plaintiff

Adrian L. Brown
U.S. ATTORNEY'S OFFICE
1000 SW Third Avenue, Suite 600
Portland, Oregon 97201-2902

/ / /

1 - OPINION & ORDER

Lars J. Nelson
SOCIAL SECURITY ADMINISTRATION
Office of the General Counsel
701 Fifth Avenue, Suite 2900, M/S 221A
Seattle, Washington 98104-7075

    Attorneys for Defendant

HERNANDEZ, District Judge:

Plaintiff Maria Barbura brought this action seeking judicial review of the Commissioner's final decision to deny disability insurance benefits ("DIB") supplemental security income ("SSI"). In an July 25, 2013 Opinion & Order, I reversed the Commissioner's decision, concluding that the Administrative Law Judge (ALJ) erred by failing to describe Plaintiff's moderate limitation in concentration and short-term memory in terms of the task or work that Plaintiff can perform. I ordered that the case be remanded for additional proceedings. Judgment was entered on July 26, 2013.

Plaintiff now seeks an award of fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA). Defendant opposes the motion, arguing that the Commissioner's decision was substantially justified. For the reasons explained below, I disagree with Defendant and grant Plaintiff's application for fees pursuant to EAJA.

## STANDARD

EAJA requires an award of attorney's fees to prevailing parties in civil actions against the United States unless the position of the United States was substantially justified. 28 U.S.C. § 2412(d)(1)(A). There is no dispute that plaintiff was the prevailing party. Defendant makes no objection to the calculation of the amount of fees requested. The only issue is whether the Commissioner's position was substantially justified.

The burden is on the Commissioner to show that his position was substantially justified.

2 - OPINION & ORDER

Hardisty v. Astrue, 592 F.3d 1072, 1076 n.2 (9th Cir. 2010). Although "Congress did not intend fee shifting [under EAJA] to be mandatory[,]" "EAJA creates a presumption that fees will be awarded to prevailing parties." Flores v. Shalala, 49 F.3d 562, 567 (9th Cir. 1995). However, the "government's failure to prevail does not raise a presumption that its position was not substantially justified." Kali v. Bowen, 954 F.2d 329, 332 (9th Cir 1988). To establish that its position was substantially justified, the government must show that the underlying ALJ decision had "a reasonable basis both in law and fact." Pierce v. Underwood, 487 U.S. 552, 565 (1988). This involves looking to the record of both the underlying government conduct at issue and the totality of circumstances present before and during litigation. Barry v. Bowen, 825 F.2d 1324, 1330 (9th Cir. 1987).

## DISCUSSION

In this case, the ALJ used "moderate" to describe Plaintiff's limitation in concentration and short-term memory. Plaintiff argued that describing the limitation as "moderate" was too vague. I remanded the case for additional proceedings, explaining that "[t]ypically, the ALJ will translate limitations in memory, concentration and attention into an opinion about the kind of work a claimant can perform." July 25, 2013 Op. & Order, 7 (quoting Hyson v. Astrue, No. 3:11-CV-01173-KI, 2012 WL 5984655, at *7 (D. Or. Nov. 27, 2012)).

Defendant argues that its position was substantially justified on this issue because decisions in the Ninth Circuit found it was error to omit a moderate in concentration, persistence, and pace in the RFC. Def.'s Resp. Mot. Fees, 6 (citing Lubin v. Comm'r, 507 Fed. App'x 709 (9th Cir. 2013), Brink v. Comm'r, 343 Fed. App'x 211 (9th Cir. 2009), and Melton v. Astrue, No. 09-CV-1000-BR, 2010 WL 3853195 (D. Or. Sept. 28, 2010)). In Lubin, Brink, and Melton, the RFCs included functional limitations, such as simple, repetitive tasks or work, but did not

3 - OPINION & ORDER

*additionally include* a moderate limitation in concentration, persistence, or pace. 507 Fed. App'x 709, 712 ("Limiting Lubin 'to one to three step tasks due to pain and prescription drug/marijuana use' did not capture the limitation in concentration, persistence, or pace found by the ALJ."); 343 Fed. App'x 211, 212 ("The Commissioner's contention that the phrase 'simple, repetitive work' encompasses difficulties with concentration, persistence, or pace is not persuasive."); 2010 WL 3853195, at *8 (quoted and agreed with holding in Brink). In other words, the cases stand for the proposition that a moderate limitation in concentration, persistence, or pace is not reflected in a limitation to simple, repetitive tasks or work.

In Plaintiff's opening brief, she argued that describing the limitation as "moderate" was too vague and that the ALJ should have described the limitation in terms of work-related functions. Pl.'s Br. 7-8. Defendant argued that it was not error to describe the limitation to Plaintiff's concentration and memory as "moderate" and cited to Lubin in support. Def.'s Br. 8. Defendant is correct that it was not error to describe the limitation as "moderate" in light of Lubin, Brink, and Melton. However, unlike those three cases, the ALJ in this case did not further describe the type of work or tasks that Plaintiff could perform. I find that Defendant's position was not substantially justified.

CONCLUSION

Plaintiff's application for an award of EAJA fees (#24) is granted.

IT IS SO ORDERED.

Dated this 13 day of December, 2013

MARCO A. HERNANDEZ
United States District Judge

4 - OPINION & ORDER